IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
DANIEL MACARTHUR WILSON,     )
                             )
      Plaintiff,             )
                             )      CIVIL ACTION NO.
      v.                     )        2:21cv557-MHT
                             )            (WO)
JOHN CROW, et al.,           )
                             )
      Defendant.             )
```

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state prisoner who has since been released, filed this lawsuit claiming his constitutional rights under the First Amendment to freedom of religion and freedom of speech and his Eighth Amendment right to be free of cruel and unusual punishment were violated. In particular, plaintiff claims his rights were violated when he was: not permitted to voice opposition to an order that he receive a haircut; forced to have a haircut, which he contends his religion prohibits; and subjected to excessive force when his hair was forcibly cut and shortly thereafter, and when officers stood by

and failed to intervene.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that defendants' special report be construed as a motion for summary judgment and that the motion be granted.  There are no objections to the recommendation.  After an independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted, with the exception that the court grants summary judgment on the free exercise claim for somewhat different reasons.

In resolving the motion for summary judgment, the court need not, and does not, reach whether plaintiff demonstrated a substantial burden on his right to free exercise of his religion.  *See* Report and Recommendation (Doc. 44) at 14–15.  Instead, the court finds that, regardless of whether the plaintiff demonstrated a substantial burden, summary judgment must be granted because the Eleventh Circuit Court of

Appeals has already decided that the Alabama Department of Correction's (ADOC) grooming policy passes strict scrutiny.

A prison regulation that infringes on an incarcerated person's First Amendment right to free exercise of religion is unconstitutional only the regulation it is not "reasonably related to [a] legitimate penological interest[]." *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349-50 (1987) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). In a challenge brought under the Religious Land Use and Institutionalized Persons Act (RLUIPA), the court held that the same hair-length provision of ADOC's grooming policy at issue here meets the more rigorous standard of strict scrutiny, which applies to free exercise claims brought under RLUIPA. *Knight v. Thompson*, 797 F.3d 934, 942–47 (11th Cir. 2015). Because ADOC's policy passes strict scrutiny, it also necessarily passes the lower reasonability standard applied to

3

prison regulations challenged under the First Amendment. *See United States v. Paradise*, 480 U.S. 149, 166–67 (1987) (plurality opinion) (finding that when an action survives strict scrutiny it is unnecessary to decide whether the action also meets a lower level of review).

An appropriate judgment will be entered.

DONE, this the 10th day of September, 2024.

                              /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE

4